UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SIRSHUN DONTRELL BURRIS,

        Plaintiff,

v.

JOSEPH KOVAC et al.,

        Defendants.
_____/

Case No. 1:24-cv-968

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Federal Bureau of Prisons (BOP) at the Federal Correctional Institution (FCI) Gilmer in Glenville, West Virginia, where he is currently serving 180 months of incarceration after being convicted in this Court of methamphetamine-related

offenses and being a felon in possession of a firearm. Judgment, *United States v. Burris*, No. 1:19-cr-272 (W.D. Mich. June 23, 2020), (ECF No. 90). The events about which Plaintiff complains, however, occurred in Berrien County, Michigan, and relate to his October 23, 2019, arrest and prosecution. Plaintiff sues the City of Benton Harbor, the Southwest Enforcement Team (SWET) and the following members of the Berrien County Sheriff's Department who are part of SWET: Detectives Joseph Kovac and Eric Hyun, Lieutenant Chad Mitchell, Sergeant Shawn Yech, and Deputy Unknown Gauthier.

As Plaintiff indicates in his present filing, this is not Plaintiff's first lawsuit against these Defendants arising out of Plaintiff's 2019 arrest and related prosecution. On October 25, 2022, Plaintiff filed his initial lawsuit, *Burris v. Kovac et al.*, Case No. 1:22-cv-1011 (W.D. Mich.). (*See* ECF No. 1, PageID.1.) In Case No. 1:22-cv-1011, Plaintiff alleged that Defendants violated his Fourth and Fourteenth Amendment rights when they served a search warrant at his home. Compl., *Burris*, Case No. 1:22-cv-1011 (ECF No. 1, PageID.3). Plaintiff also alleged that Defendants "made conflicting statements from the state preliminary examination to federal jury trial." *Id.*

On January 20, 2023, the Court entered an opinion and judgment dismissing Plaintiff's complaint without prejudice for two reasons. *Burris*, Case No. 1:22-cv-1011 (ECF Nos. 5 & 6). First, the Court found that Plaintiff's challenges to the fact or duration of his confinement may be brought only as petition for habeas corpus and were not cognizable as a civil rights action brought pursuant to § 1983. Op., *Burris*, Case No. 1:22-cv-1011 (ECF No. 5, PageID.25–26). Second, the Court determined that Plaintiff's claims seeking monetary relief implied the invalidity of Plaintiff's convictions and were, therefore, barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.* (ECF No. 5, PageID.26).

2

Plaintiff's present filing now purports to be a "motion" related to *Burris*, Case No. 1:22-cv-1011, but is otherwise styled as an independent complaint. (ECF No. 1, PageID.1.) Plaintiff again claims that Defendants violated: Plaintiff's Fourth Amendment rights through an unlawful search and seizure of Plaintiff's home and person; his Fifth Amendment rights, which Plaintiff attributes to the Defendant Officers failing to activate their body cameras; and his Fourteenth Amendment rights though malicious prosecution and violations of Plaintiff's rights to equal protection, and "a *Brady* violation" concerning allegedly fabricated evidence. (*Id.*, PageID.2–4.) Plaintiff seeks monetary compensation "for malicious prosecution." (*Id.*, PageID.4.)

**II.     Motion for Relief from Judgment**

Though Plaintiff refers to his present filing as a "motion" in Case No. 1:22-cv-1011, the Federal Rules of Civil Procedure do not provide Plaintiff with any avenue for relief in that action.

Plaintiff's filing is dated September 10, 2024, (ECF No. 1, PageID.5), while his original complaint in Case No. 1:22-cv-1011 was dismissed over a year and a half earlier, on January 20, 2023. Because Plaintiff's present "motion" was filed more than 28 days following entry of judgment, the Court cannot construe it as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 6(b)(2) (noting that a court cannot extend the time for filing a motion pursuant to Rule 59(e)). Therefore, if Plaintiff's filing is a "motion," the Court can only construe it as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

3

(6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b). When none of the first five enumerated examples of Rule 60(b) apply, relief is available only when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Here, Plaintiff's motion was not made within one year and there is nothing to indicate that it was made within a "reasonable time" as required by Rule 60(c)(1). Thus, any attempt by Plaintiff to bring a motion under Rule 60(b) would be untimely.

Moreover, even examining the substance of Plaintiff's filing, nothing suggests that any subsection of Rule 60(b) would apply. Indeed, relief under the catchall provision of Rule 60(b)(6) is available "'only in exceptional or extraordinary circumstances which are not addressed by the [other] five numbered clauses of the Rule,' and 'only as a means to achieve substantial justice.'" *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Rule 60(b)(6) should apply only in those "unusual and extreme circumstances where principles of equity *mandate* relief." *Id.* Plaintiff fails to suggest that such circumstances exist here.

As the Sixth Circuit has explained: "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). Yet, that appears to be what Plaintiff attempts to do here. For each of the foregoing reasons, Plaintiff not entitled to relief in Case No. 1:22-cv-1011.

4

### III. Failure to State a Claim

Because the Federal Rules of Civil Procedure do not provide Plaintiff with any avenue for relief in Case No. 1:22-cv-1011, the Court has construed Plaintiff's filing as a new complaint.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

5

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff seeks relief from what he claims was "malicious prosecution" by the Defendants. (ECF No. 1, PageID.4.) He brings claims for violation of his Fourth, Fifth, and Fourteenth Amendment rights, as well as an alleged "*Brady* violation."

### A.   Malicious Prosecution

The focus of Plaintiff's complaint appears to be his claim for malicious prosecution against Defendants. (ECF No. 1, PageID.4.) The Sixth Circuit "recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment," which "encompasses wrongful investigation, prosecution, conviction, and incarceration." *Barnes v. Wright,* 449 F.3d 709, 715–16 (6th Cir.2006) (internal quotation marks omitted). "The 'tort of malicious prosecution' is 'entirely distinct' from that of false arrest, as the malicious-prosecution tort 'remedies detention accompanied not by absence of legal process, but by *wrongful institution* of legal process.'" *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Wallace v. Kato,* 549 U.S. 384, 390 (2007)). A malicious prosecution claim requires the following:

> (1) "that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute"; (2) "that there was a lack of probable cause for the criminal prosecution"; (3) "that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty . . . apart from the initial seizure"; and (4) that "the criminal proceeding must have been resolved in the plaintiff's favor."

*Tlapanco v. Elges*, 969 F.3d 638, 654–55 (6th Cir. 2020) (quoting *Sykes*, 625 F.3d 294 (brackets and quotations marks omitted)).

As the fourth element requires, a claim based on the wrongfulness of Plaintiff's prosecution and continued detention cannot be brought unless and until criminal proceedings terminate in his

6

favor. *Sykes*, 625 F.3d at 309 (citing *Heck*, 512 U.S. at 484 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.")). The Sixth Circuit Court of Appeals has affirmed Plaintiff's criminal conviction, *United States v. Burris*, 999 F.3d 973 (6th Cir. 2021), and no other court has invalidated that result. Accordingly, Plaintiff cannot state a claim for malicious prosecution.

### B.     Fourth Amendment Search and Seizure

Plaintiff also alleges that Defendants unlawfully seized Plaintiff after Plaintiff ran from his home while the Defendant Officers were in the process of executing a search warrant of the premises, and that Defendants violated the Fourth Amendment by not complying with the City of Benton Harbor's ordinance requiring the use of body cameras. (ECF No. 1, PageID.3.)

First, Plaintiff alleges that Defendants violated his Fourth Amendment rights because they failed to comply with a local ordinance requiring the Defendant Officers to activate their body cameras. However, claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state or local law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Therefore, Plaintiff's allegation that Defendants failed to comply with the City of Benton Harbor's ordinance does not state a Fourth Amendment claim.

Second, Plaintiff's claim that his seizure was invalid is barred by *Heck v. Humphrey*. In *Heck v. Humphrey*, the Supreme Court held that a state prisoner cannot assert a cognizable claim for damages under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he or she shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question

7

by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87 (footnote omitted). Plaintiff remains in federal custody and a review of the docket in *Burris*, No. 1:19-cr-272, indicates that Plaintiff's convictions continue to be valid. Therefore, the question becomes whether Plaintiff's Fourth Amendment claims would render Plaintiff's convictions invalid.

By way of footnote, the *Heck* Court recognized that, "even if successful, some Fourth Amendment claims brought under § 1983 'would not *necessarily* imply that the plaintiff's conviction was unlawful' due to doctrines like independent source, inevitable discovery, and harmless error." *Harper v. Jackson*, 293 F. App'x 389, 391 (6th Cir. 2008) (quoting *Heck*, 512 U.S. at 487, n.1). Therefore, the Sixth Circuit places the onus on the district court to assess the facts to determine whether a favorable ruling would impugn the validity of the plaintiff's outstanding conviction. *Id.*

> Here, the Sixth Circuit concisely described the facts surrounding Plaintiff's arrest:
>
> This case concerns a series of six drug transactions that took place in September and October 2019 in Benton Harbor, Michigan. Detective Joseph Kovac, acting in an undercover capacity, initiated the controlled purchases of methamphetamine by dialing the same telephone number each time. The first two transactions involved Det. Kovac meeting with Burris's codefendant Douglas Davis. Det. Kovac testified that the third transaction involved a different individual. As that individual drove away after the transaction, Det. Kovac recorded the license plate number on the individual's pickup truck and determined that it was registered to Burris at 1142 Agard Avenue, Benton Harbor, Michigan. Det. Kovac then used the driver's license photo to confirm that Burris was the individual that he had met.
>
> During the following three transactions, officers saw Davis go to and from the 1142 Agard Avenue address to meet Det. Kovac. When Det. Kovac met Davis for the fifth time on October 22, 2019, Det. Kovac told Davis that he wanted more methamphetamine than the previously agreed-upon quantity. Davis did not have the additional methamphetamine with him, so he asked Det. Kovac to drop him off at a nearby intersection and to circle the block. Officers then observed Davis exit Det. Kovac's car, walk to 1142 Agard Avenue, and then enter the residence. A short time later, Davis returned to Det. Kovac's car with the additional methamphetamine.
>
> The final controlled purchase occurred on October 23, 2019. Immediately after this transaction, Davis was arrested in the front yard of Burris's residence. Several

> officers then proceeded to execute a search warrant. When two of the officers moved into the backyard, they observed Burris exiting from the backdoor and fleeing. One officer observed Burris's left arm clutched to his chest, "similar *976 to how you would see a football player carrying a football." Burris crossed a small alley, hopped over a wire fence, and crossed Union Street. Two different officers spotted Burris as he crossed. Burris was apprehended shortly thereafter. He was carrying a small amount of cash, a cell phone, and a loaded semi-automatic firearm.

*Burris*, 999 F.3d at 975–76. Plaintiff was ultimately convicted of four counts, including "Count Eight – possession with intent to distribute 50 grams or more of methamphetamine on October 23, 2019; and Count Nine – being a felon in possession of a firearm on October 23, 2019." *Id.* at 976. As to Count Eight,

> [a]t trial, two officers testified to witnessing Burris flee from his residence when they executed the search warrant. One officer testified that Burris appeared to be clutching something as he ran. After Burris was apprehended, the officers searched the area and found a black leather bag containing methamphetamine at the exact spot where Burris had hopped over the wire fence

*Id.* at 980.

Based upon the facts underlying Plaintiff's criminal conviction, Plaintiff cannot contend that his Fourth Amendment claim for unreasonable seizure would not, at the very least, impugn the validity of his conviction for felon in possession of a firearm as Plaintiff's possession was discovered upon Plaintiff's seizure on October 23, 2019. Accordingly, Plaintiff's Fourth Amendment claim related to his initial seizure and the search of his person is barred by *Heck v. Humphrey*.

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal for failure to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (concluding that a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same). However, such a dismissal would be without prejudice. *Sampson v. Garrett*, 917 F.3d 880, 882–83 (6th Cir. 2019) (citing *Taylor v. First Am. Bank-Wayne*, 973 F.2d 1284, 1289 (6th Cir.

9

1992)). Accordingly, the Court will likewise dismiss Plaintiff's remaining Fourth Amendment claims without prejudice for failure to state a claim.

### C. Fifth Amendment Claim

Plaintiff further alleges that Defendants violated Plaintiff's Fifth Amendment rights because they failed to activate their body cameras, in violation of the City of Benton Harbor "body camera ordinance." (ECF No. 1, PageID.4.) As discussed above, § 1983 does not provide redress for a violation of state law. Moreover, nothing in Plaintiff's complaint suggests a violation of Plaintiff's Fifth Amendment rights.

To the extent that Plaintiff intends to assert a Fifth Amendment due process claim, the Fifth Amendment's Due Process Clause applies only to claims against federal employees. Here, Plaintiff has sued only local officers and municipal entities. Plaintiff, therefore, cannot maintain a Fifth Amendment due process claim. *See, e.g.*, *Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000) (noting that "[t]he Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities; whereas the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government"). The Court will dismiss Plaintiff's Fifth Amendment claims with prejudice for failure to state a claim.

### D. Fourteenth Amendment Equal Protection Claim

Plaintiff alleges that Defendants violated Plaintiff's right to equal protection. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). When a law adversely impacts a "suspect class" such as one defined by race, alienage, or national origin, or invades a "fundamental right," such as speech or religious freedom, the rigorous "strict scrutiny" standard ordinarily governs, whereby

10

such laws "will be sustained only if they are suitably tailored to serve a compelling state interest." *City of Cleburne*, 473 U.S. at 440.

The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (citation omitted). "'Similarly situated' is a term of art—a comparator...must be similar in 'all relevant respects.'" *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)).

Here, Plaintiff fails to allege any facts to suggest that he was treated differently than others, let alone that the others were similarly situated. Instead, any allegations of discriminatory treatment are wholly conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Therefore, the Court will dismiss Plaintiff's equal protection claim with prejudice.

### E. *Brady* Violation

Finally, Plaintiff claims that "[t]here's also a *Brady* violation . . ." (ECF No. 1, PageID.4.) However, Plaintiff cannot bring a § 1983 claim for a Brady violation related to his current conviction and sentence. A claimed *Brady* violation "necessarily implies the invalidity of the underlying conviction." *Hobbs v. Faulkner*, 2020 WL 12933850, at *2 (6th Cir. June 9, 2020) (quoting *Ruiz v. Hofbauer*, 325 F. App'x 427, 431 (6th Cir. 2009)); *see also United States v. Paulus*, No. 20-6017, 2021 WL 3620445, at *3 (6th Cir. Aug. 16, 2021) ("The remedy for a *Brady* violation is a new trial."). Therefore, Plaintiff's claim is barred under *Heck v. Humphrey* and will be dismissed without prejudice for failure to state a claim.

11

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the full appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   September 27, 2024                    /s/ Paul L. Maloney
                                               Paul L. Maloney
                                               United States District Judge